**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENNETH R. BYRD,<br><br>         Petitioner,<br><br>     v.<br><br>DAVE DAVIES,<br><br>         Respondent. | Case No. 1:14-cv-02022-BAM-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT LEAVE TO AMEND (DOC. 1)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting his consent in a writing signed by Petitioner and filed on January 16, 2014.  Pending before the Court is the petition, which was filed on November 13, 2014, and transferred to this Court on December 17, 2014.

   I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a

1

preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is serving a sentence of thirteen years imposed in the Alameda County Superior Court in 2005

for corporal injury and battery with serious bodily injury.  (Pet., doc. 1 at 2.)  Petitioner challenges the failure of the California Department of Corrections and Rehabilitation (CDCR) to award Petitioner post-sentence time credit at a rate of thirty-four (34) percent instead of fifteen (15) percent.  Petitioner alleges that this award of credit was ordered by the court in Coleman v. Brown, case number 2:90-cv-00520-LKK-DAD-PC, on June 20, 2013.  Petitioner requests that this Court direct the CDCR to award him credit at the higher rate.  (Id. at 15.)  Petitioner does not allege facts regarding his exhaustion of state court remedies except to attach a copy of an order of the Kings County Superior Court from August 2014 denying a petition for writ of habeas corpus.  (Id. at 19-21.)  However, reference to the official website of the California courts reflects that Petitioner has not filed in the California Supreme Court a petition for writ of habeas corpus or other request of relief regarding the Court's order in Coleman v. Brown.[1]

II.   Failure to Exhaust State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 224(b)(1).  The exhaustion doctrine is based on comity to the state court and gives

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources where the accuracy of the source cannot reasonably be questioned, including undisputed information posted on official websites.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied 131 S.Ct. 332 (2010).  The address of the official website of the California state courts is www.courts.ca.gov.  The official website reflects no filing by Petitioner either on or after June 2013, the date alleged to be the date of the order issued in Coleman v. Brown.

the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations

4

> of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the

Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Here, Petitioner has not exhausted state court remedies as to the only claim raised in the petition, which concerns enforcement of the order that issued in Colewman v. Brown.

Although non-exhaustion of state court remedies has been viewed as an affirmative defense, it is petitioner's burden to prove that state judicial remedies were properly exhausted. 28 U.S.C. § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds in Fay v. Noia, 372 U.S. 391 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). If available state court remedies have not been exhausted as to all claims, a district court must dismiss a petition. Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

Here, Petitioner's petition is premature because Petitioner has not obtained a decision from the California Supreme Court on his claim. Therefore, Petitioner failed to meet his burden to establish exhaustion of state court remedies. Accordingly, the petition will be dismissed without prejudice [2]

---

[2] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred by the prohibition against filing second habeas petitions set forth in 28 U.S.C. § 2244(b) from returning to federal court after Petitioner exhausts available state remedies. See, In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held as follows:

> [I]n the habeas corpus context is would be appropriate for an order dismissing a mixed petition to instruct an applicant

6

for failure to exhaust state court remedies.

### III. Dismissal without Leave to Amend

It is appropriate to dismiss the petition without granting leave to Petitioner to amend the petition to attempt to allege further exhaustion of state court remedies. Petitioner seeks habeas relief that in effect would constitute enforcement of an order in a pending action. Reference to the docket of Coleman v. Brown shows that as recently as December 19, 2014, the Court issued orders concerning enforcement of terms concerning credit allowances for various categories of offenders whose claims are pending in that action. (Doc. 5254.)

Petitioner here appears to allege that his claim comes within the Coleman v. Brown litigation and that he is a member of the class. Under such circumstances, it would be inappropriate for Petitioner to bring an individual suit based on the same subject matter. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979) (noting the propriety of dismissing an identical claim pending in a previously certified class action); McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) (determining that individual suits for

---

that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000).

Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of both exhausted and unexhausted claims, the petition may be dismissed with prejudice.

7

injunctive and equitable relief from allegedly unconstitutional prison conditions cannot be brought where there is an existing class action); see also Reece v. Basi, case number 2:11-cv-2712 GEB AC, 2013 WL 1339048, at *4-*5 (E.D.Cal. Apr. 3, 2013) (recommending dismissal of the plaintiff's request for system-wide injunctive relief over matters within the scope of the Plata litigation because the plaintiff was member of the Plata class, and thus maintaining the separate action would risk inconsistent adjudications and interference with the orderly process of the class action), adopted May 28, 2013) (doc. 36).

### IV.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1)

8

the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, no certificate of appealability will issue.

V. Disposition

In accordance with the foregoing analysis, it is ORDERED that:

1) The petition is DISMISSED without prejudice for Petitioner's failure to exhaust state court remedies; and

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the case because dismissal will terminate the proceeding in its entirety.

IT IS SO ORDERED.

Dated: **January 20, 2015**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE